# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FOREMOST INSURANCE COMPANY,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No. SAG-20-2613 |
| **ROBERT S. WOODEN,** *et al.*, | * | |
| **Defendants.** | * | |

## MEMORANDUM OPINION

Plaintiff Foremost Insurance Company ("Foremost") brought this action against Defendants Robert S. Wooden and Damon Bova seeking a declaratory judgment relating to Foremost's liability under a watercraft insurance policy. ECF 1. Foremost and Wooden have now filed dispositive motions.[1] ECF 19, 20. I have reviewed those filings and the associated oppositions and replies. ECF 20, 21. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Foremost's Motion for Summary Judgment will be granted and Wooden's cross-motion for Summary Judgment will be denied.

## I. FACTUAL BACKGROUND

This case arises out of a jet ski accident resulting in personal injury to Wooden, and the essential facts are undisputed. On or about July 15, 2017, Wooden and Bova were operating two jet skis owned by Wooden on Middle River in Baltimore County, Maryland. The jet skis were insured by a Marine Choice watercraft Policy of Insurance with Foremost, issued to Wooden. Bova's jet ski collided with Wooden's jet ski while Wooden was stopped in the water, causing significant injuries to Wooden's left side and left leg. Wooden filed suit against Bova in July,

---

[1] There is also a pending Motion for Default Judgment against Defendant Bova, ECF 10, which will be granted in light of the rulings made herein.

2019, claiming damages in excess of $75,000 for negligence. Bova seeks coverage under the Foremost policy.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT AND DECLARATORY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure states that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011). If the moving party establishes that there is no evidence to support the non-movant's case, the burden then shifts to the non-movant to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-movant must provide enough admissible evidence to "carry the burden of proof at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient; rather, there must be evidence on which the jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Casey*, 823 F. Supp. 2d at 349. Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. The non-movant "must produce competent evidence on each element of his or her claim." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). If the non-movant fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Casey*, 823 F. Supp. 2d at 348-49. In ruling on a motion for summary judgment, a court must view the facts and inferences "in the

light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Foremost seeks a declaratory judgment. A federal district court can issue a declaratory judgment where the relief sought "(i) will serve a useful purpose in clarifying and settling the legal relations in issue; and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 966 (4th Cir. 1994) (citations omitted). Concrete insurance coverage disputes, such as those presented in the instant case, can be appropriate for such adjudication. *See id.*

## III. ANALYSIS

### A. Relevant Policy Provisions

The Declarations Page of the Policy lists Wooden as named insured and lists Wooden and Patricia Wooden as operators. ECF 19-2 at 9. The Policy also contains the following provisions:

> **Definitions**
>
> 2. You, your and yours mean:
>
> With respect to your watercraft, the person named on the Declarations Page and that person's family member.

ECF 19-2 at 22.

> **SECTION II- EXCLUSIONS**
>
> **COVERAGE E – PERSONAL LIABILITY**
>
> We will not pay for:
>
> 3. Property damage to property:
>
> a. Owned or transported by any of you

> 4. Bodily injury to you, your family member or a family member of a person named on the Declarations Page.

ECF 19-2 at 32.

**B. Application of the Exclusion**

Under Maryland law, an insurer's duty to defend and indemnify is governed by the nature of the underlying claims and whether those claims potentially fall within the policy's coverage. *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 408-09 (1975) ("The obligation of an insurer to defend its insured under a contract provision such as here involved is determined by the allegations in the tort actions. If the plaintiffs in the tort suits allege a claim covered by the policy, the insurer has a duty to defend."). Thus, this Court must determine whether Wooden's claims against Bova to recover for his physical injuries potentially fall within the policy's coverage. This Court will apply the axiomatic principle that "words are to be given their customary, normal meaning when insurance contracts are interpreted." *Howell v. Harleysville Mutual Ins. Co.*, 305 Md. 435, 443 (1986).

Wooden's briefing largely focuses on Bova's status as an insured in relation to Foremost's policy. *See* ECF 20-1 at 4, 6, 10-12. The parties seem to agree, however, that Bova is a permissive user of the watercraft and would therefore be covered under the policy, if coverage exists for the claims being brought against Bova.

The flaw in Wooden's contention, though, is that he is suing for bodily injuries he sustained, and the Policy plainly and expressly excludes coverage for first-party personal injury claims he might suffer. Wooden is entirely correct that, "If Defendant Bova had negligently struck another boater, there would be no dispute that Foremost would be expected to pay up to the Limits of Liability shown on the Declarations Page." ECF 20-1 at 10. The Policy contains no exclusion

for such third-party claims, but it expressly excludes coverage for "bodily injury to you." ECF 19-2 at 32. "You" includes Wooden, as a person named on the Declarations Page. ECF 19-2 at 22. It may be, as Wooden describes it, a "fluke occurrence" that he was injured by another individual otherwise covered by his insurance, but fluke or not, it was a situation explicitly addressed by the provision barring coverage for his own injury. Thus, the claim Wooden has brought against Bova is excluded by and is not subject to coverage under his Foremost policy, rendering summary judgment for Foremost appropriate.

**IV.    CONCLUSION**

For the reasons set forth above, Foremost's Motion for Summary Judgment, ECF 19, and Motion for Default Judgment as to Defendant Bova, ECF 10, will be granted. Defendant Wooden's Cross-Motion for Summary Judgment, ECF 20, will be denied. The Court will issue a declaratory judgment as requested by Foremost and will close this case.

Dated:  July 1, 2021                                              /s/
                                                          Stephanie A. Gallagher
                                                          United States District Judge